JOSEPH BAYLEY

*v.*

WILLIAM BAYLEY et al.

[Submitted December 12th, 1905.   Decided February 27th, 1906.]

A bill, the purpose of which was to avoid certain conveyances claimed to be fraudulent, and to subject the lands conveyed to an execution issued out of an orphans court upon a decree of distribution—*Held,* demurrable, because no execution can be issued upon a mere decree of distribution; such a decree creates no lien on real estate, and no lien can be claimed by reason of a process not supported by the decree.

On demurrer to bill.

*Messrs. Howe & Davis,* for the demurrant.

*Mr. Jerome D. Gedney,* for the complainant.

MAGIE, CHANCELLOR.

The bill demurred to was filed to make effective upon certain lands in Essex county a writ of *fieri facias* issued out of the orphans court of that county, which has been levied upon those lands. It states that the *fieri facias* issued upon an order or decree of the orphans court directing William Bayley to distribute and pay to complainant $6,594.66.

The bill further states that the lands in question were owned by William Bayley, but had been conveyed by divers conveyances to one Henderson, which conveyances, it charges, were made without consideration, or by fraud, with intent to hinder and delay complainant in collecting the amount decreed to be paid.

A bill having the same general purpose was exhibited in this court by Sarah Bayley against the same parties defendant. A demurrer thereto was interposed and the matter was heard by Vice-Chancellor Reed. *Bayley* v. *Bayley*, 66 *N. J. Eq.* (21 *Dick.*) 84.

Many of the causes of demurrer assigned in that case have been presented upon the demurrer now under consideration. All of them but one were deemed by the learned vice-chancellor not to disclose an effective objection to that bill. One cause assigned was that it failed to show that the complainant therein had exhausted her legal remedy, and in this respect the bill was found deficient and the demurrer sustained.

The doctrines declared in that case must be applied to this case, so far as they are applicable. The causes of demurrer assigned herein, which are identical with those therein declared ineffective, must be so declared by me. There is a cause assigned like the cause of demurrer which was sustained in the other case, but the bill in this case contains allegations which had been omitted in the other case, and they show that in fact complainant had exhausted his legal remedy.

It therefore results that but for the single question now to be considered, the demurrer would have to be overruled.

The cause assigned which raises this question asserts that the bill fails to disclose any judgment or decree upon which the writ of *fieri facias* which is sought to be enforced could lawfully

issue, but, on the contrary, discloses that the judgment or decree upon which it was issued gave no authority for its issuance.

The allegations of the bill on this subject are substantially these: That Mary Bayley, complainant's wife and the mother of William Bayley, died possessed of certain shares of stock; that William Bayley was appointed her administrator; that he transferred the said shares to himself, his sister and his brother, and sold those shares which he had transferred to himself; that complainant cited William Bayley to file an inventory of the estate of the intestate, and to account for the same; that William Bayley did thereafter file an inventory and an account, and afterwards filed an amended account; that complainant filed exceptions to both accounts, and that the matter came on to be heard by the orphans court upon those exceptions, and that "in said proceeding" said William Bayley was ordered to distribute and pay to complainant $5,694.66.

It is upon this order alone that the *fieri facias* was issued.

Upon an accounting by an administrator, at least if the required notice is given, it is settled law that the orphans court may make a decree of distribution. *Exton* v. *Zule, 14 N. J. Eq.* (*1 McCart.*) *501; Adams* v. *Adams, 46 N. J. Eq.* (*1 Dick.*) *298.* It is obvious that the decree shown in the bill is only a decree for distribution. The usual form of such a decree is for distribution and payment of the amount remaining unadministered to certain persons and in certain proportions. *Kocher, Orphans Court Practice p. 450.* The proceeding to obtain a decree of distribution is not a suit between parties, but of the nature of a proceeding *in rem,* settling the rights of parties, and is, to that extent, a final decree. It is, however, simply declarative of rights in the estate of the intestate. *Exton* v. *Zule, ubi supra; Sayre* v. *Sayre, 16 N. J. Eq.* (*1 C. E. Gr.*) *505.* Nor is the decree less a decree of distribution because it directs a distribution and payment of all the remaining estate to the husband of the intestate entitled to the same *jure mariti.*

While the decree of distribution settles the right to a distributive share, it has never been deemed to endow the distributee with any other authority to enforce his rights than by a suit. Such a suit might be brought at law or in equity, and, under the

authority conferred by section 3 of the Orphans Court act, by petition to the orphans court in conformity with the practice prescribed in section 192. The payment of the distributive share could be enforced by an action at law upon the bond of the administrator, but no action at law could be pursued unless the order of distribution had been previously made. *Ordinary* v. *Smith, 15 N. J. Law (3 Gr.) 92; Sayre* v. *Sayre, ubi supra; Ordinary* v. *White, 43 N. J. Law (14 Vr.) 22.* While a bill in equity may be maintained for a distributive share before a decree of distribution has been made (*Frey* v. *Demarest, 16 N. J. Eq. (1 C. E. Gr.) 236*), it is impossible to conceive that relief by way of a decree for a distributive share could be granted except upon a bill or petition appealing to the court of chancery or the orphans court for such relief.

It is, however, contended that the decree for distribution set out in the bill is a decree whereby money is ordered to be paid by one party to another upon which, by the provisions of section 184 of the Orphans Court act, an execution may issue. In my judgment, the contention cannot be yielded to, and that for two reasons. In the first place, the decree for the payment of money intended by section 184 is one made in a proceeding in which there are *parties* seeking and resisting, or having the opportunity to resist, such a decree. As above stated, a decree of distribution is of a wholly different character. In the second place, it is required by section 172 of the Orphans Court act that every person to whom a distributive share of an intestate is allotted shall give to the administrator a refunding bond. No breach of the condition of the administrator's bond will be disclosed by an averment of a decree of distribution, unless it is also averred that a refunding bond has been given or tendered. *Ordinary* v. *White, ubi supra.* To construe section 184 in the way contended for would make the requirements of section 172 superfluous and enable every distributee to acquire his share without giving a refunding bond. Manifestly that construction cannot be given.

It results that the bill discloses no judgment or decree upon which the *fieri facias* sought to be enforced could have been issued. The writ has nothing to support it, and the bill in this respect is defective.

For this reason the demurrer must be sustained.